IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>SOUTHERN CALIFORNIA EDISON, et al.,<br><br>　　　　Defendant(s). | 1: 01 CV F -5167 OWW DLB<br><br>ORDER DENYING SOUTHERN CALIFORNIA EDISON'S MOTION TO STRIKE EXPERT OPINIONS OR TO PERMIT EDISON TO FILE A SUPPLEMENTAL/REBUTTAL EXPERT REPORT<br>[Doc 230] |

Pursuant to a notice filed on May 23, 2005, Defendant Southern California Edison ("Edison") seeks to strike the opinion of Kevin J. Mara disclosed by Plaintiff the United States of America (the "United States") on May 5, 2005 pursuant to the Court's modified scheduling order of February 6, 2005. On July 5, 2005, the parties filed a joint stipulation re discovery dispute pursuant to Local Rule 37-251 on July 5, 2005. The Court deemed the motion suitable for decision without oral argument and took the matter under submission on July 8, 2005. Having considered the papers filed by the parties, as well as the Court's file, the Court issues the following order.

## BACKGROUND

The United States filed this action seeking to recover damages allegedly resulting from

1

the "Big Creek Fire" in the Sierra National Forest that plaintiff alleges originated on August 24, 1994 on the grounds of SCE's hydroelectric generation facilities known as Big Creek Powerhouses Nos. 2 and 2A.  SCE generates power at Big Creek 2/2A under two Federal Energy Regulatory Commission (FERC) licenses, denominated by their FERC project numbers, Project Nos. 67 and 2175.

On September 27, 2002, the Court issued a scheduling order setting the deadline for written designation of experts pursuant to Federal Rule of Civil Procedure 26(a)(A) and (B).  On March 9, 2004, the Court granted the parties' joint application to modify the scheduling order which required the parties to disclose experts by July 15, 2004 and provide supplemental expert disclosures by July 30, 2004.  On February 6, 2005, the Court modified the scheduling order based on Edison's withdrawal of admissions concerning the applicability of the FERC licenses in this case.  The Court ordered that further discovery, including further disclosures of experts shall be limited to the issues raised by the withdrawal of the admissions by Edison.  The order amended the trial schedule to, among other things, set April 5, 2005 as the "Deadline for Further Disclosure of Experts" and May 5, 2005 as the "Supplemental Expert Disclosure Deadline."  The "Close of Discovery" was set for June 10, 2005.  In doing so Judge Wanger stated, "Let's have further experts, either side may disclose any further experts by April the 5th, and any rebuttal or supplemental experts to the new experts by May the 5th."

On April 5, 2005, Edison served "Defendant's Further Disclosure of Experts" designating Joel Preheim and Geoffrey Rabone as expert witnesses.  Edison did not provide expert reports for these witnesses, both of whom are Edison employees.

On May 5, 2005, the United States served "Supplemental Disclosures" of experts designating Kevin J. Mara and Cynthia A. Whelan.  Mr. Mara's report was enclosed with the disclosure.  The United States has withdrawn Ms. Whelan as an expert and therefore her designation is not at issue in this motion.

On May 23, 2005, Edison filed the present motion to strike Mr. Mara's opinion.

On June 3, 2005, Edison served a "Supplemental Disclosure of Rebuttal Expert" designating Donald Clark.

In this motion, Edison contends that the United States' disclosure of Mr. Mara on May 5, 2005 does not qualify as either supplemental or rebuttal expert disclosure but instead was a late initial disclosure of expert opinions that should be stricken.

Edison argues that Mr. Mara's opinions are not "supplemental" in that supplemental expert disclosure under Rule 26(e)(1) is merely correction to information already disclosed. Edison further argues that even if the modified scheduling order is read to allow supplemental experts to be disclosed (not just supplementation of previously disclosed opinions under Rule 26(e)(1)), there can be no supplementation of experts where there are no experts initially disclosed. Edison also argues that Mr. Mara does not qualify as rebuttal disclosure because his opinions have little or no relation to the opinions expressed by Mr. Preheim and Mr. Rabone.

Edison argues that the United States took a risk in failing to provide initial disclosures of experts on issues related to the application of the FERC licenses. As it turned out, Edison's disclosure of Mr. Preheim and Mr. Rabone limited the government's expert disclosure to those subjects having to do with the function of the substation and the version of Exhibit M to the license in effect at the time of the fire. Edison argues that the government's expert who opines that the terms of the licenses, while not expressly referring to the 12KV Substation, nonetheless somehow define or refer to the substation, should have been disclosed at the April 5, 2005 deadline for mutual, initial disclosure of experts.

Edison argues that the United States should not be permitted to use the late disclosed opinions in that there is no substantial justification for failing to disclose Mr. Mara earlier. Alternatively, Edison requests that it be allowed to offer the rebuttal opinions of Donald Clarke, which were disclosed to the government on June 3, 2005. Mr. Clarke's report discusses Mr. Mara's opinions, offering expert testimony that rebuts and contradicts each of Mr. Mara's first four opinions.

The United States responds that Mr. Mara's engineering analysis of the nature and function of the 12KV Station and the electric power lines that emanate from it and a comparison of those physical findings with the description of such works in the FERC licenses and exhibits is an analysis that was required by and responds directly to issues raised by Edison's experts Mr. Rabone and Mr. Preheim. The United States takes the position that Mr. Mara's report properly addresses and counters opinions asserted Mr. Rabone and Mr. Preheim and therefore was a proper supplemental disclosure under the modified scheduling order.

## **DISCUSSION**

Federal Rule of Civil Procedure 26(a)(2)(C) provides:

> **(C)** These disclosures shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

Fed>R.Civ.P. 26(a)(2)(C).

Here, the Court modified the original scheduling order based on Edison's withdrawal of admission concerning the applicability of the FERC licenses to the substation. In doing so, the Court assumed responsibility for setting dates for disclosure of expert witnesses *limited to the applicability of the FERC licenses* thereby rendering Rule 26(a)(2)(C) inapplicable. In setting the deadlines for additional disclosures of experts in this limited area, the Court stated, "Let's have any further experts, either side may disclose any further experts by April the 5th, and any rebuttal or supplemental experts to the new experts by May the 5th." The language used by the Court is not as limiting as argued by Edison. The Court set April 5th as the initial deadline for designating experts regarding applicability of the FERC licenses and May 5th as the deadline for

4

designating additional experts in this limited area. The Court did not intend to limit the May 5th designation to supplementation to an initial disclosure or rebuttal to other experts designated. The United States' designation of Mr. Mara and the production of his corresponding report on May 5, 2005 was therefore timely under the modified scheduling order.

Even if the Court were to interpret Judge Wanger's order to only allow designation of rebuttal experts on May 5, 2005, the designation of Mr. Mara was appropriate in that it responds to the opinions of Edison's experts Mr. Rabone and Mr. Preheim. Mr. Rabone identifies Exhibit M to the licenses in question (for FERC Project Nos. 67 and 2175). Exhibit M specifies the electrical equipment of the project. Mr. Rabone determined, based on a review of FERC orders approving revised Exhibit M's for Project Nos 67 and 2175, that certain revised Exhibit M's were in effect at the time of the Big Creek fire. He then confirmed that in the course of his work on re-licensing Edison's Big Hydro Facilities, he had never come across any FERC license or exhibit or document that reflects that the 12KV Substation is under FERC license.

Mr. Preheim describes the electrical function of the 12KV Substation and the distribution lines emanating from it. He states that the basic function and purpose of the substation at Big Creek No. 2 is to step up power received from the powerhouse from 7KV to 12KV and distribute it to end users in the Big Creek area. He then describes the service provided from the three lines that emanate from the substation.

Mr. Mara responds to these opinions by analyzing the nature and function of the 12KV Station and the electric power lines that emanate from it and then comparing those physical findings with the description of such works in the FERC licenses and exhibits. Unlike Mrs.

5

Rabone and Mr. Preheim, he concludes that the terms of the licenses refer to the substation. While Mr. Mara uses a different analysis, he, like Edison's experts, opines regarding the applicability of the FERC licenses based on an analysis of the substation.

## CONCLUSION

In summary, the Court finds that Judge Wanger's modified scheduling order allowed for designation of experts regarding the applicability of the FERC licenses, initially on April 5, 2005 and then additionally on May 5, 2005. All experts designated under this modified order were restricted to the issue of the FERC licenses and therefore the May 5, 2005 disclosure was not limited to supplementation of experts disclosed on April 5, 2005 or rebuttal to those experts. In any event, the Court finds that Mr. Mara responds to the opinions of Edison's experts and therefore was timely even under Edison's narrow interpretation of the modified scheduling order. Edison's motion to strike is therefore DENIED. Because the Court finds the United States' designation of Mr. Mara was appropriate, Edison's request to designate an additional expert in response to Mr. Mara is also DENIED. The Court's order of February 6, 2005 did not provide for additional disclosure of experts after May 5, 2005.

IT IS SO ORDERED.

**Dated:   July 12, 2005**            /s/ Dennis L. Beck
3b142a                             UNITED STATES MAGISTRATE JUDGE